OPINION
{¶ 1} Defendant-appellant, Bryan A. Hammitt (hereinafter "Hammitt"), appeals the sentence imposed by the Auglaize County Court of Common Pleas. In light of the Ohio Supreme Court's decision in State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, we remand for resentencing.
 {¶ 2} On June 15, 2003, Hammitt knocked on the victim's door and claimed to be an employee from Rent-a-Center seeking collection for an overdue payment. At the time, the victim was renting items from Rent-a-Center and was late on her payments. The victim indicated that she could pay some of what she owed, but would be unable to pay the full amount. Hammitt suggested the victim exchange sexual favors as payment for the Rent-a-Center items. The victim asked Hammitt for his name, which he refused to give. Thereafter, the victim ordered Hammitt to leave and locked the door after he complied. The victim contacted the St. Mary's police department (hereinafter "police department") regarding the incident.
 {¶ 3} On June 21, 2003, the victim contacted the police department stating that she saw the offender at a neighbor's home. Police went to the neighbor's home where they found Hammitt. Police officers transported Hammitt to the police department where he was questioned. During the questioning, Hammitt admitted that he had gone to the victim's house on June 15, posed as a Rent-a-Center employee, and proposed a trade involving some type of sexual favors.
 {¶ 4} The Auglaize County Grand Jury indicted Hammitt for burglary, in violation of R.C. 2911.12(A)(4) and a felony of the fourth degree.[1] On November 11, 2003, Hammitt pled guilty. Subsequently, the trial court sentenced Hammitt to five years of community control sanctions, including six months confinement in the Auglaize County Correctional Center. As part of his community control, Hammitt was prohibited from possessing any "nudity oriented materials", and possessing or using either a computer or the internet. The trial court notified Hammitt that violations of his community control could result in a longer term of sanctions, more restrictive sanctions, or imposition of an eighteen month sentence.
 {¶ 5} On May 27, 2005, the Ohio Adult Parole Authority filed an affidavit in support of community control violations. In the affidavit, the parole authority alleged Hammitt violated his community control when he failed to report to his supervising officer as instructed, he possessed "nudity oriented material", and he possessed or had under his control a computer or internet service.
 {¶ 6} Hammitt admitted that he failed to report to the supervising officer, and that he did posses or have under his control a computer or internet service. However, Hammitt denied that he possessed "nudity oriented material". The trial court conducted a hearing and found that the state had not met its burden of proof regarding the possession of "nudity oriented material". Thereafter, the trial court sentenced Hammitt to eighteen months imprisonment, the maximum sentence for the offense.
 {¶ 7} It is from this sentence, Hammitt appeals setting forth a sole assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court committed prejudicial error when it failed toproperly follow the sentencing criteria set forth in Ohio RevisedCode Section 2929.14 resulting in the defendant-appellantreceiving a sentence which is contrary to law.
 {¶ 8} In his sole assignment of error, Hammitt argues the evidence "presented and contained in the record does not support a maximum sentence for the conduct that he admitted and was committed as a part of his community control violation."
 {¶ 9} While this case was pending, the Ohio Supreme Court held portions of Ohio's felony sentencing framework unconstitutional. State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856. Specifically, the Ohio Supreme Court held R.C.2929.14(C) unconstitutional. Id. at paragraph one of the syllabus. Since Hammitt was sentenced to maximum sentences under R.C. 2929.14(C), a statute found unconstitutional by the Ohio Supreme Court, this court is required to vacate the sentence and remand this case to the trial court for resentencing.
Judgment Reversed and Cause Remanded.
 Rogers and Shaw, JJ., concur.
[1] Pursuant to R.C. 2911.12(A) "No person, by force, stealth, or deception, shall do any of the following: * * * (4) Trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present."